ALEXANDER E. WOLF (SBN 299775)
awolf@milberg.com
JOHN J. NELSON (SBN 317598)
jnelson@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872.365.7060

ALEC H. SCHULTZ (*pro hac vice*)
**HILGERS GRABEN PLLC**
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
aschultz@hilgersgraben.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ETERNADA FUDGE and REYHANEH MANSOORI, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

DELTA AIR LINES, INC.,

Defendant.

Case No. 2:24-cv-04531-HDV-SSC

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, RELIEF FROM JUDGMENT (DKT. 21)**

Date: December 12, 2024
Time: 10:00 a.m.
Judge: Hon. Hernán D. Vera
Courtroom: 5B

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 12, 2024 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Hernán D. Vera in the United States District Court for the Central District of California, Courtroom 5B, 350 West 1st Street, Los Angeles, California 90012, Plaintiffs Eternada Fudge and Reyhaneh Mansoori ("Plaintiffs") will and hereby do respectfully move for reconsideration of the Court's Order granting Defendant Delta Air Lines, Inc.'s ("Delta" or "Defendant") Motion to Dismiss the Complaint (Dkt. 21) or, alternatively, relief from judgment.

This motion is made pursuant to Fed. R. Civ. P. 59(e) and 60(b). This motion is based on the Notice of Motion, the attached Memorandum of Points and Authorities, the records and pleadings on file in this action, and any such further evidence and argument as may be presented to the Court at or before the hearing on this matter. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 11, 2024.

Dated: October 18, 2024

Respectfully submitted,

By: */s/ Alexander E. Wolf*

ALEXANDER E. WOLF (SBN 299775)
awolf@milberg.com
JOHN J. NELSON (SBN 317598)
jnelson@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872.365.7060

ALEC H. SCHULTZ (*pro hac vice*)
aschultz@hilgersgraben.com
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131

## TABLE OF CONTENTS


I. INTRODUCTION. ........................................ 1

II. ARGUMENT ........................................ 2

- A. Legal Standard. ........................................ 2
- B. Plaintiffs' Breach of Contract Claim is Exempt from ADA Preemption. ........................................ 3
- C. Plaintiffs' CIPA Claim is Not Preempted. ........................................ 5

III. CONCLUSION ........................................ 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Airlines v. Wolens*,
513 U.S. 219 (1995) ........ 1, 3

*Berrin v. Delta Air Lines, Inc*,
2024 WL 3304815 (C.D. Cal. Mar. 28, 2024) ........ 6

*Charas v. Trans World Airlines, Inc.*,
160 F.3d 1259 (9th Cir. 1998) ........ 5

*Circuit City Stores, Inc. v. Mantor*,
417 F.3d 1060 (9th Cir. 2005) ........ 2

*Garcia v. Capistrano Unified Sch. Dist.*,
2018 WL 5858708 (C.D. Cal. May 1, 2018) ........ 5

*Hickcox-Huffman v. US Airways, Inc.*,
855 F.3d 1057 (9th Cir. 2017) ........ 1, 4

*Hinton v. Pac. Enterprises*,
5 F.3d 391 (9th Cir. 1993) ........ 2

*Hodges v. Delta Airlines, Inc.*,
44 F.3d 334 (5th Cir. 1995) ........ 6

*In re Benham*,
2013 WL 3872185 (C.D. Cal. May 29, 2013) ........ 2

*Kindt v. Concesionaria Vuela Compania de Aviacion S.A.P.I. de C.V.*,
2018 WL 4468320 (N.D. Cal. Sept. 18, 2018) ........ 7

*McDowell v. Calderon*,
197 F.3d 1253 (9th Cir. 1999) ........ 2

*Nat'l Fed'n of the Blind v. United Airlines Inc.*,
813 F.3d 718 (9th Cir. 2016) ........ 5, 6

*Rearden LLC v. Walt Disney Co.*,
No. 17-cv-04006-JST, 2023 U.S. Dist. LEXIS 212501 (N.D. Cal. Nov. 29, 2023) ..... 5

*Smith v. Clark Cty. Sch. Dist.*,

727 F.3d 950 (9th Cir. 2013) .......... 5

*Thomas v. Petro-Canada Am. Lubricants, LLC*,
2023 WL 9687513 (C.D. Cal. Dec. 4, 2023) .......... 2, 3, 4

*Yagman v. Kittay*,
2017 WL 6060603 (C.D. Cal. Apr. 18, 2017) .......... 2, 3

Rules

Fed. R. Civ. P. 60(b)(1), (6) .......... 2, 3

Fed. R. Civ. P. 59(e) .......... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiffs recognize that reconsideration is an exceptional remedy and do not make this motion without careful consideration of the Court's valuable time. However, reconsideration and relief from judgment is respectfully warranted because the Order on Delta's motion to dismiss (Dkt. 21) ("Order") made mistakes of law and fact, and did not address controlling appellate precedent.

After conducting a hearing on Delta's motion to dismiss, the Court advised it was inclined to deny the motion in full. The Court's comments during the hearing similarly included skepticism of Delta's Airline Deregulation Act ("ADA") preemption argument. The Court's Order, however, held otherwise. Plaintiffs believe the Court had it right the first time, both legally and factually.

First, the Order did not independently analyze Plaintiffs' breach of contract claim, which is excluded from ADA preemption pursuant to the Supreme Court's holding in *Am. Airlines v. Wolens*, 513 U.S. 219, 232 (1995) ("the ADA permits state-law-based court adjudication of routine breach-of-contract claims…"). That is, routine breach of contract claims are not preempted by the ADA even if the claims relate to "rates, routes, or services" as defined by the ADA. This is controlling law, reaffirmed by the Ninth Circuit. *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017) ("*Wolens* controls as to Hickcox-Huffman's breach of contract claim. If she adequately pleaded breach of contract, then her claim is not preempted."). Because standard breach of contract claims are not preempted, the Order should have proceeded to analyzing the elements of Plaintiffs' contract claim (which, at the hearing, the Court was inclined to find sufficiently pleaded and better resolved at a later stage). Dismissing the breach of contract claim as preempted without exception represents clear error.

Second, regarding the California Invasion of Privacy Act ("CIPA") claim, the Order respectfully is inconsistent with the Ninth Circuit's narrow construction of the ADA's preemption provision and mischaracterized the nature of Plaintiffs' claim.

For these reasons, as discussed below, Plaintiffs request reconsideration of the Order.

## II. ARGUMENT

### A. Legal Standard.

A "motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e)" or a "Rule 60(b) motion for relief from a judgment or order." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (citing predecessor rule). *See* Fed. R. Civ. P. 59(e) (28 days to file motion).

Rule 59(e) is available to, among other things, "correct manifest errors of law or fact upon which the judgment is based" or "prevent manifest injustice." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Manifest error includes the "disregard of," "misapplication of," or "failure to recognize controlling precedent." *In re Benham*, No. CV13-00205-VBF, 2013 WL 3872185, at *1 (C.D. Cal. May 29, 2013) (cleaned up).

Rule 60(b) similarly provides relief from a final judgment for "mistake," "inadvertence," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Mistake in this context includes "mistake of law." *Thomas v. Petro-Canada Am. Lubricants, LLC*, No. EDCV211106JGBSPX, 2023 WL 9687513, at *4 (C.D. Cal. Dec. 4, 2023) ("One of the grounds in Rule 60(b) includes 'mistake,' which the Ninth Circuit has interpreted to include mistake of law."); *see also Yagman v. Kittay*, No. CV167343VAPAFMX, 2017 WL 6060603, at *3 (C.D. Cal. Apr. 18, 2017) ("Because the words 'mistake' and 'inadvertence' are not . . . limited, they may include mistake and inadvertence by the judge.").

In the Central District, motions for reconsideration also implicate L.R. 7-18, which requires parties seeking reconsideration to do so on specific grounds including "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." *Id.* That motion must be filed no later than 14 days after entry of the challenged order. L.R. 7-18. But local rules regarding reconsideration "need not be read to conflict with any other rule of civil procedure." *Hinton v. Pac. Enterprises*, 5 F.3d

391, 395 (9th Cir. 1993); *accord Thomas v. Petro-Canada Am. Lubricants, LLC*, No. EDCV211106JGBSPX, 2023 WL 9687513, at *3-4 (C.D. Cal. Dec. 4, 2023) (motion for reconsideration filed 81 days after order entered was timely notwithstanding the 14-day deadline of L.R. 7-18). Further, L.R. 7-18 does not apply to motions under Rule 60(b). *Yagman v. Kittay*, No. CV167343VAPAFMX, 2017 WL 6060603, at *3 (C.D. Cal. Apr. 18, 2017) ("As Local Rule 7-18 addresses only 'motion[s] for reconsideration,' it does not apply to requests for relief from judgment under Rule 60(b)"); *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions*, 12:160.7 (2024) ("Although entitled 'motion for reconsideration,' a motion may seek relief available under some other rule—e.g., for relief from judgment under FRCP 60(b) . . . In such cases, the motion is not subject to local rules limiting motions for reconsideration.").

### B. Plaintiffs' Breach of Contract Claim is Exempt from ADA Preemption.

Under Supreme Court precedent, Plaintiffs' breach of contract claim is excluded from ADA preemption. The Order appears to have adopted the position that a breach of contract claim is per se preempted so long as it is "related to" the "air transportation services" offered by an airline. Order at 1, 6. But the Supreme Court held as follows: "terms and conditions airlines offer and passengers accept are privately ordered obligations and thus do not amount to a State's enact[ment] or enforce[ment] [of] any law, rule, regulation, standard, or other provision having the force and effect of law within the meaning of [§]1305(a)(1)."). *Wolens*, 513 U.S. 219 at 288-229. In other words, breach of contractual obligations are not preempted by the ADA.

Plaintiffs have alleged breach of a self-imposed undertaking—i.e., a contractual agreement to share Plaintiffs' personal information only to the extent disclosed (including recipients, reasons for, and manner of sharing), and in an anonymized and disaggregated fashion unless expressly stated. Compl. ¶¶ 32-35, 114-124. The Conditions of Carriage state "All passenger information shall be handled in accordance with Delta's Privacy Policy." *Id.* ¶¶ 32, 115. And the Privacy Policy at Section 7 contains an enumerated list

of situations in which certain data "may" be shared, including "We may share with third parties anonymous, aggregated information about all our users." *Id.* ¶¶ 33, 116. The effect is a contractual agreement to share Plaintiffs' personal information only to the extent disclosed, and in an anonymous and aggregated fashion unless otherwise stated, which Delta violated. Indeed, there is no mention of sharing customer information with Facebook in an identifiable and disaggregated manner for marketing purposes, yet the Privacy Policy repeatedly references collecting "anonymous" or "anonymized" information.[1]

Controlling law is unequivocal in holding that, where a plaintiff pleads a viable breach of an airline's self-imposed contractual obligations, ADA preemption cannot apply. *See Hickcox-Huffman*, 855 F.3d at 1066 (rejecting ADA preemption argument and allowing breach of contract claim to proceed to enforce the airline's "voluntarily undertaken contractual obligation"). As the Ninth Circuit held, "*Wolens* controls as to Hickcox-Huffman's breach of contract claim. If she adequately pleaded breach of contract, then her claim is not preempted." *Id.* at 1062. The Ninth Circuit then went on to find: "Because Hickcox-Huffman's claim is for breach of contract of a voluntarily assumed contractual undertaking, and she pleads breach of contract, the claim is not preempted by the Airline Deregulation Act as construed by *Wolens*." *Id*. at 1064.

That is the fact pattern alleged here. Reconsideration is thus appropriate because there has been a clear error and mistake in the underlying decision. *Thomas v. Petro-Canada Am. Lubricants, LLC*, No. EDCV211106JGBSPX, 2023 WL 9687513, at *5-6 (C.D. Cal. Dec. 4, 2023) ("The Court did not analyze whether Aleem's alleged conduct

---

[1] *E.g.,* Privacy Policy Section 7 (Dkt. 12-2 at 24) ("When you use the App, a unique ID (which varies by device manufacturer and operating system) is read from or associated with your device to be used as an *anonymous identifier* for analytics and performance purposes."); Privacy Policy Section 6.2 (Dkt. 12-2 at 21-22) (describing delivery of advertisements to "specific computers" with example that "the information collected by Google Analytics itself is *anonymous*").

as an officer would entitle Plaintiff to punitive damages. This was error.") (granting reconsideration); *Rearden LLC v. Walt Disney Co*., No. 17-cv-04006-JST, 2023 U.S. Dist. LEXIS 212501, at *4 (N.D. Cal. Nov. 29, 2023) ("Upon reconsideration, the Court concludes that the levers Order was in error."); *Garcia v. Capistrano Unified Sch. Dist.*, 2018 WL 5858708, at *3 (C.D. Cal. May 1, 2018) (granting motion for reconsideration because "the Court manifestly failed to consider" specific allegations). These legal and factual errors were not harmless, as the Order failed to apply and analyze binding precedent. *Smith v. Clark Cty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013) ("Because it is a clear error of law to not apply controlling Supreme Court precedent, we conclude that the district court did not abuse its discretion by reconsidering its prior order.").

**C. <u>Plaintiffs' CIPA Claim is Not Preempted.</u>**

The Order committed separate factual and legal error in dismissing Plaintiffs' CIPA claim based on ADA preemption. The Court had the analysis right the first time.

"[P]reemption provisions are narrowly and strictly construed." *Charas v. Trans World Airlines, Inc*., 160 F.3d 1259, 1264 (9th Cir. 1998) (en banc). The ADA preempts state laws "relating to the rates, routes, or service of any air carrier." *Id.* at 1263. Airlines' "rates" and "routes" generally refer to the "point-to-point transport of passengers." *Id.* at 1265-66. "'Rates' indicates price; 'routes' refers to courses of travel." *Id.* "It therefore follows that 'service,' when juxtaposed to 'rates' and 'routes,' refers to such things as the frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided (as in, 'This airline provides service from Tucson to New York twice a day.')." *Id.* "To interpret 'service' more broadly is to ignore the context of its use; and, it effectively would result in the preemption of virtually everything an airline does. It seems clear to us that that is not what Congress intended." *Id.*

This Circuit has taken a particularly narrow view of the term "service" under the ADA: "We are mindful that some circuit courts have articulated broader constructions of the word 'service' in ADA § 41713(b)(1) than the one we adopted in *Charas*. . . . We disagree with these other courts." *Nat'l Fed'n of the Blind v. United Airlines Inc*., 813

F.3d 718, 727–28 (9th Cir. 2016).

In *Nat'l Fed'n of the Blind*, the Ninth Circuit again confirmed that "services" means "point-to-point transportation of passengers, cargo, or mail." *Id.* at 726. Services did not include airport kiosks that passengers use to check bags, print tickets, or manage their bookings. "Congress did not intend 'service' to refer to the 'assistance to passengers in need, or like functions.' While they may be convenient for passengers, kiosks are not 'services' in the 'public utility sense.'" *Id*. (internal citation omitted). Importantly, it did not matter that the "kiosks *facilitate services* that *relate to air transportation*." *Id.* (emphasis added). To that end, the Ninth Circuit explicitly disagreed with the holding in *Hodges v. Delta Airlines, Inc*., 44 F.3d 334, 336 (5th Cir. 1995) wherein the Fifth Circuit interpreted "services to include items such as *ticketing* . . . in addition to the transportation itself." *Nat'l Fed'n of the Blind*, 813 F.3d at 729 (emphasis added and cleaned up).

Against this backdrop, the Order made a mistake of fact, followed by an error of law, when it misconstrued Plaintiffs' allegations and broadened the definition of "service" beyond what the Ninth Circuit counsels. "Services" should not be read expansively to include aiding a third party (Facebook) in wiretapping passenger communications for Delta to then use in future advertising efforts that are wholly unrelated to the passenger's actual air travel. To be sure, nothing in Plaintiffs' allegations relates to any actual service that Delta provides as part of point-to-point air travel. Of course, Plaintiffs booked a ticket to travel, but that is irrelevant to wiretapping and subsequent marketing use of personal data—separate and apart from their actual air travel. Compl. ¶¶ 62, 66, 130-132 (discussing wiretapping). By allowing Delta to facilitate wiretapping of communications for future marketing simply because Plaintiffs purchased airline tickets, the Order converted the ADA into an immunity statute. *See Berrin v. Delta Air Lines, Inc*, No. 2:23-CV-04150-MEMF-MRW, 2024 WL 3304815, at *1-4, 7 (C.D. Cal. Mar. 28, 2024) (collecting Ninth Circuit case law and holding false advertising claim not preempted where plaintiff "purchased Delta flights due to her belief that by flying Delta, she was engaging in more ecologically conscious air travel").

Given the Ninth Circuit's holding that (1) airline kiosks used at the airport immediately before a passenger's flight are not "public utility" transportation services under the ADA, and (2) conduct that facilitates services relating to air transportation is not preempted, it is error to hold that an airline's aiding the wiretapping of online communications for future marketing efforts is or sufficiently relates to a covered service. Again, the Order appears to have made a mistake of fact in conflating Plaintiffs' purchase of tickets with what is actually at issue in this case: Delta's aiding the wiretapping of communications for use in future marketing efforts unrelated to the passenger's booked air travel. This mistake then resulted in the error of failing to apply controlling Ninth Circuit law.

To Plaintiffs' knowledge, only one district court previously analyzed ADA preemption in the context of a CIPA claim. *See Kindt v. Concesionaria Vuela Compania de Aviacion S.A.P.I. de C.V.*, 2018 WL 4468320 (N.D. Cal. Sept. 18, 2018). There, the "commercial airline company [named Volaris] violated California state law by recording customer calls without notice." *Id.*, at *1 (cleaned up). The airline argued the CIPA claims were preempted, but the court disagreed, citing *Charas* and *Nat'l Fed'n of the Blind*. *Id.*, at *2. "Volaris's toll-free customer service lines offer many of the same amenities as United's kiosks. Customers use them to check on information and manage their travel plans. The toll-free lines do not affect Volaris's control of its prices, routes, flights, and other transportation services any more than the kiosks did for United. For the same reasons, then, Kindt's California Penal Code claims are not subject to pre-emption." *Id.*

So too here. Of note, in *Kindt*, like here, the plaintiff contacted the airline "*to purchase airline tickets for travel*." *Id.*, at *1 (emphasis added). Like here, the airline's preemption argument was "premised mainly on the contention that 'service' includes the communications between the airline and its customers that are the basis of the allegations in the complaint." *Id.* And like here, the airline allegedly violated CIPA by wiretapping communications without consent. The only difference is that, in *Kindt*, the unlawful wiretapping was telephonic, whereas here, the unlawful wiretapping was online.

Plaintiffs submit this is a distinction without meaning.

In sum, simply because Delta's website plays a role in its overall business of providing air transportation does not mean that aiding the wiretapping via its online reservation tool is or relates to a "service" under the ADA.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its Order dismissing this action based on ADA preemption.

Dated: October 18, 2024

Respectfully submitted,

By: */s/ Alexander E. Wolf*

ALEXANDER E. WOLF (SBN 299775)
awolf@milberg.com
JOHN J. NELSON (SBN 317598)
jnelson@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872.365.7060

ALEC H. SCHULTZ (*pro hac vice*)
aschultz@hilgersgraben.com
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304