EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

MATTHEW Q. VERDIN (SBN 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: mverdin@cov.com

*Attorneys for Defendant Delta Air Lines, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ETERNADA FUDGE and REYHANEH MANSOORI, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

DELTA AIR LINES, INC.,

Defendant.

Case No. 2:24-cv-04531-HDV-SSC

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, RELIEF FROM JUDGMENT**

Hearing Date: December 12, 2024
Time: 10:00 a.m.
Judge: Hon. Hernán D. Vera
Courtroom: 5B

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. LEGAL STANDARD .......... 2

IV. ARGUMENT .......... 3

A. Plaintiffs' Recycled Arguments Fail to Identify Any Valid Basis For Reconsideration. .......... 3

B. Plaintiffs' Arguments Also Fail On the Merits. .......... 5

1. This Court Correctly Held that Plaintiffs' Claims Relate to Delta's Air Transportation Services. .......... 5

2. The Narrow *Wolens* Exception Does Not Apply to Plaintiffs' Contract Claim. .......... 8

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Am. Airlines, Inc. v. Wolens*,
513 U.S. 219 (1995)....................4, 8, 9, 10

*Aventis Pharms. SA v. Amphastar Pharms., Inc.*,
2005 WL 5957795 (C.D. Cal. Mar. 25, 2005)....................4

*Berkley Ins. Co. v. Levin*,
2024 WL 1813474 (C.D. Cal. Apr. 2, 2024)....................3, 4

*Berrin v. Delta Air Lines, Inc*,
2024 WL 3304815 (C.D. Cal. Mar. 28, 2024)....................7

*Binyomin Ginsberg v. Northwest, Inc.*,
2009 WL 9523877 (S.D. Cal. July 8, 2009)....................9

*Brown v. United Airlines, Inc.*,
720 F.3d 60 (1st Cir. 2013)....................8

*Charas v. Trans World Airlines, Inc.*,
160 F.3d 1259 (9th Cir. 1998)....................6

*Fudge v. Delta Air Lines, Inc.*,
-- F. Supp. 3d --, 2024 WL 4445985 (C.D. Cal. Oct. 4, 2024)....................*passim*

*GCP Applied Techs. Inc. v. AVM Indus., Inc.*,
2022 WL 20273274 (C.D. Cal. Dec. 20, 2022)....................9

*Hagadorn v. Cal. Field Ironworkers Tr. Funds*,
2012 WL 12906079 (C.D. Cal. Mar. 15, 2012)....................4

*Kindt v. Concesionaria Vuela Compania de Aviacion S.A.P.I. de C.V.*,
2018 WL 4468320 (N.D. Cal. Sept. 18, 2018)....................8

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000)....................2

*MAO-MSO Recovery II, LLC v. Mercury Gen.*,
2021 WL 6102913 (C.D. Cal. Nov. 29, 2021)....................3

*McGarry v. Delta Air Lines, Inc.*,
2019 WL 1885613 (C.D. Cal. Apr. 16, 2019) .......................................... 7

*Mercuri v. Occidental Tower Apartments*,
2019 WL 4316248 (C.D. Cal. July 18, 2019) .......................................... 5

*Mogan v. Airbnb, Inc.*,
2024 WL 3738480 (9th Cir. Aug. 9, 2024) .......................................... 5

*Morales v. Trans World Airlines, Inc.*,
504 U.S. 374 (1992) .......................................... 6

*Moran v. Beale*,
2008 WL 11409862 (C.D. Cal. May 19, 2008) .......................................... 5

*Nat'l Fed'n of the Blind v. United Airlines, Inc.*,
813 F.3d 718 (9th Cir. 2016) .......................................... 6

*Northwest Inc. v. Ginsberg*,
572 U.S. 273 (2014) .......................................... 1, 2, 6

*Pica v. Delta Air Lines, Inc.*,
2019 WL 1598761 (C.D. Cal. Feb. 14, 2019) .......................................... 7, 10

*Roe v. LexisNexis Risk Sols. Inc.*,
2013 WL 12134002 (C.D. Cal. May 2, 2013) .......................................... 4

*Roy v. Cnty. of Los Angeles*,
2018 WL 3439168 (C.D. Cal. July 11, 2018) .......................................... 4

*Sanchez v. Aerovias De Mexico, S.A. De C.V.*,
590 F.3d 1027 (9th Cir. 2010) .......................................... 10

*United States v. Wolflick & Simpson*,
2016 WL 6091574 (C.D. Cal. Sept. 22, 2016) .......................................... 5

*Watanabe v. Home Depot USA, Inc.*,
2003 WL 24272634 (C.D. Cal. Aug. 26, 2003) .......................................... 4

*Wolens. Hickcox-Huffman v. US Airways, Inc.*,
855 F.3d 1057 (9th Cir. 2017) .......................................... 9

**Statutes**

49 U.S.C. § 41713 ........................................................................................ 6

**Rules**

Fed. R. Civ. P. 59 ........................................................................................ 3, 4, 5

Fed. R. Civ. P. 60 ........................................................................................ 3, 4, 5

C.D. Cal. L.R. 7-18 ........................................................................................ 1, 3, 4, 5

## I. INTRODUCTION

In dismissing Plaintiffs' Complaint, this Court correctly ruled that Plaintiffs' claims concerning the handling of their information entered while booking airfare on Delta's website "are necessarily preempted by the [Airline Deregulation Act ("ADA")]." *Fudge v. Delta Air Lines, Inc.*, -- F. Supp. 3d --, 2024 WL 4445985, at *4 (C.D. Cal. Oct. 4, 2024) (Vera, J.). Relying on Supreme Court precedent, this Court explained that Plaintiffs' claims are preempted because their claims "stem from their purchase of air travel online," and "the sale of airfare on Delta's website is 'related to' Delta's air transportation 'services'"—namely, "access to flights." *Id.* at *1, 4 (quoting *Northwest Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014)).

Unhappy with the Court's ruling, Plaintiffs' motion asks this Court to reconsider its order based on the same arguments this Court already considered and rejected. Plaintiffs' motion should be denied. *First*, Plaintiffs' motion is procedurally improper. They do not establish any of the exclusive grounds for the extraordinary remedy of reconsideration under Local Rule 7-18. Instead, in violation of the rule's prohibition on "repeat[ing] any oral or written argument made in support of, or in opposition to, the original motion," C.D. Cal. L.R. 7-18, Plaintiffs repeat the same arguments they previously asserted. *Second*, Plaintiffs' recycled arguments fail on the merits as well. They accuse this Court of making "mistakes of law and fact" (ECF No. 24 at 6), but they do not address, much less mention, the Court's reliance on binding Supreme Court precedent or the thorough reasoning it provided for distinguishing the cases involving airline amenities, which Plaintiffs previously cited in support of the same arguments.

In sum, Plaintiffs' motion merely recites their disagreement with the Court's ruling, which is not a proper basis for seeking reconsideration.

## II. BACKGROUND

In April 2024, Plaintiffs filed this putative class action against Defendant Delta Air Lines, Inc. *See* ECF No. 1-1 ("Compl."). Plaintiffs allege that they visited Delta's website,

www.delta.com, and provided Delta with their personal information "to reserve air travel." *Id.* ¶¶ 17, 23. They allege that Delta "disclosed" some of this booking information "to Facebook" through use of a Facebook pixel tool. *Id.* ¶¶ 19–21, 25–27. Plaintiffs assert that this alleged conduct breached Delta's Contract of Carriage (and incorporated Privacy Policy) and violated the California Invasion of Privacy Act ("CIPA"). *Id.* ¶¶ 111–145.

The Court dismissed Plaintiffs' Complaint in October 2024, holding that Plaintiffs' claims are "necessarily preempted by the ADA." *Fudge*, 2024 WL 4445985, at *4.

Acknowledging that the ADA preemption inquiry turns on whether Plaintiffs' claims are "related to" Delta's "services," the Court first explained that "a state law 'relates to' airline services when it has a 'connection with or reference to' them." *Id.* at *3. The Court then reviewed the Supreme Court and Ninth Circuit's "critical guidance" on "how courts should interpret the term 'services'": whereas the Supreme Court in *Northwest* "found that an airline's frequent flyer program sufficiently 'related to' its 'services' because it was connected to 'access to flights,'" the Ninth Circuit has clarified that "services" "does not include an airline's provision of amenities, such as 'in-flight beverages, personal assistance to passengers, and the handling of luggage." *Id.*

Applying this critical guidance, the Court reasoned that Plaintiffs' allegations "make apparent that their claims relate directly to Delta's air transportation services." *Id.* at *4. They "stem from their purchase of air travel online, having provided their information specifically for the purpose of accessing the airline's air transportation services." *Id.* In this way, Delta's "online booking feature" at issue here is "more analogous to the frequent flyer program found sufficiently related to air transportation services in *Northwest*, which was connected directly to 'access to flights,' and unlike a mere amenity." *Id.*

## III. LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). As a result, "[m]otions for reconsideration are disfavored

and rarely granted." *MAO-MSO Recovery II, LLC v. Mercury Gen.*, 2021 WL 6102913, at *2 (C.D. Cal. Nov. 29, 2021).

Motions for reconsideration may be brought under Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Berkley Ins. Co. v. Levin*, 2024 WL 1813474, at *1 (C.D. Cal. Apr. 2, 2024) (Vera, J.). "In this district, motions for reconsideration are also governed by Central District Local Rule 7-18. Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Id.* Local Rule 7-18 provides that a motion for reconsideration may be made "only on the grounds of":

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18.

"Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Berkley Ins. Co.*, 2024 WL 1813474, at *2. Importantly, "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." C.D. Cal. L.R. 7-18.

## IV. ARGUMENT

### A. Plaintiffs' Recycled Arguments Fail to Identify Any Valid Basis For Reconsideration.

Reconsideration is improper because Plaintiffs do not purport to identify, let alone establish, the presence of any of the three "exclusive grounds" for reconsideration in this District. *Berkley Ins. Co.*, 2024 WL 1813474, at *1. The only ground for reconsideration under Local Rule 7-18 that Plaintiffs even mention is "a manifest showing of a failure to consider material facts" (ECF No. 24 at 7), yet they do not purport to make that showing

here, nor could they. Although Plaintiffs assert that the Court "made a mistake of fact in conflating Plaintiffs' purchase of tickets" with Delta's handling of Plaintiffs' data collected while booking air travel online (*id.* at 12), they "decline[] to point to any material fact the Court failed to consider." *Roe v. LexisNexis Risk Sols. Inc.*, 2013 WL 12134002, at *3 (C.D. Cal. May 2, 2013). Plaintiffs may "disagree with the court's application of the facts to the law," but this does not establish "a manifest showing of a failure to consider material facts." *Aventis Pharms. SA v. Amphastar Pharms., Inc.*, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005).

Plaintiffs' motion does nothing more than repeat arguments in flagrant violation of Local Rule 7-18's prohibition on repeating arguments made in opposition to the original motion. C.D. Cal. L.R. 7-18. Specifically, Plaintiffs argue that their "CIPA [c]laim is [n]ot [p]reempted" and their "contract claim is excluded from ADA preemption" under the narrow *Wolens* exception. ECF No. 24 at 8, 10. Plaintiffs made these precise arguments in opposition to Delta's motion to dismiss (*see* ECF No. 13 at 16–20), and the Court rejected them. Since Plaintiffs' "arguments raised are essentially the same ones rejected by the Court in its original . . . Order," they are "improper for reconsideration" under Local Rule 7-18. *Berkley Ins. Co.*, 2024 WL 1813474, at *2 (denying motion for reconsideration under Rule 60(b) and Local Rule 7-18 for repeating arguments); *Hagadorn v. Cal. Field Ironworkers Tr. Funds*, 2012 WL 12906079, at *1 (C.D. Cal. Mar. 15, 2012) (denying Rule 60(b) motion that violated Local Rule 7-18's prohibition on repeating arguments); *Watanabe v. Home Depot USA, Inc.*, 2003 WL 24272634, at *2 (C.D. Cal. Aug. 26, 2003) (same as to Rule 59(e) motion).

It does not matter that the Court's order does not "apply and analyze" the *Wolens* exception (ECF No. 24 at 10), because a court's decision not to address particular arguments "constitutes an implicit rejection of those arguments." *Roy v. Cnty. of Los Angeles*, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (rejecting the same argument Plaintiffs advance here). Plaintiffs suggest that this Court must expressly address every

argument or inapplicable exception advanced by a litigant, but such a rule "would create an adverse incentive" for litigants to advance all possible arguments, and "then force courts to reconsider decisions on the basis that not all arguments were addressed." *United States v. Wolflick & Simpson*, 2016 WL 6091574, at *4 (C.D. Cal. Sept. 22, 2016).

Implicitly recognizing that their motion is improper, Plaintiffs next argue that "L.R. 7-18 does not apply to motions under Rule 60(b)." ECF No. 24 at 8. Not so. "[B]y its terms, Local Rule 7-18 applies to all motions for reconsideration that seek to alter resolution of a motion." *Moran v. Beale*, 2008 WL 11409862, at *4 n.16 (C.D. Cal. May 19, 2008) (addressing "no repeat argument" rule articulated in Local Rule 7-18); *Mercuri v. Occidental Tower Apartments*, 2019 WL 4316248, at *1 n.1 (C.D. Cal. July 18, 2019) (explaining that Local Rule 7-18 provides the "exclusive grounds for reconsideration" in this District). Indeed, the Ninth Circuit has repeatedly affirmed denials of motions for reconsideration where, as here, they fail to comply with Local Rule 7-18. *See, e.g.*, *Mogan v. Airbnb, Inc.*, 2024 WL 3738480, at *4 (9th Cir. Aug. 9, 2024) (affirming denial of motion under Rules 59(e) and 60(b) that "reargue[d]" prior arguments in violation of Local Rule 7-18).

At bottom, Plaintiffs simply rehash their arguments that their claims are not preempted and assert their disagreement with the Court's rejection of those same arguments. Their motion should be denied for the simple reason that "disagreement with a judgment is not a proper ground for seeking reconsideration." *Mercuri*, 2019 WL 4316248, at *1 n.1.

**B. Plaintiffs' Arguments Also Fail On the Merits.**

**1. This Court Correctly Held that Plaintiffs' Claims Relate to Delta's Air Transportation Services.**

Setting aside that Plaintiffs' motion for reconsideration is procedurally improper under Local Rule 7-18, their motion should be denied for the additional reason that Plaintiffs do not identify any "mistakes of law and fact" (ECF No. 24 at 6) in the Court's

order holding that "Plaintiffs' claims are necessarily preempted by the ADA." *Fudge*, 2024 WL 4445985, at *4.

In holding that Plaintiffs' claims are preempted, the Court relied on the Supreme Court's "critical guidance" in ADA preemption cases. *Id.* at *3. The ADA broadly preempts any state laws "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). "A state law 'relates to' airline services," the Court explained, "when it has a 'connection with or reference to' them." *Fudge*, 2024 WL 4445985, at *3 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)). The Supreme Court in *Northwest*, for example, held that an airline's frequent flyer program at issue in that case "related to" its "services" because the program "was connected to 'access to flights.'" *Fudge*, 2024 WL 4445985, at *3 (quoting *Northwest*, 572 U.S. at 284). Relying on this binding Supreme Court precedent interpreting the ADA, the Court reasoned that Plaintiffs' claims "stem from their purchase of air travel online," and "the sale of airfare on Delta's website is 'related to' Delta's air transportation 'services'"—namely, "access to flights." *Id.* at *1, *4.

Tellingly, Plaintiffs' motion does not address, let alone mention, the Supreme Court's decision in *Northwest* or this Court's reliance on that decision to hold that their claims are preempted. Instead, Plaintiffs accuse this Court of committing "error" based on a pair of Ninth Circuit decisions addressing airline amenities. *See* ECF No. 24 at 10–11 (citing *Nat'l Fed'n of the Blind v. United Airlines, Inc.*, 813 F.3d 718 (9th Cir. 2016) and *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259 (9th Cir. 1998)). But this Court expressly rejected Plaintiffs' argument and reliance on those cases, explaining that "Delta's online booking feature" in this case is "more analogous to the frequent flyer program found sufficiently related to air transportation services in *Northwest*" and "unlike a mere amenity." *Fudge*, 2024 WL 4445985, at *4. "The connection between Plaintiffs' claims and Delta's services is clear" because, unlike the claims in the amenities cases, Plaintiffs' claims stem from the actual "purchase of air travel online." *Id.*

Plaintiffs next argue that it was a "mistake of fact" for the Court to consider "Plaintiffs' purchase of tickets" at all, which they contend is not "actually at issue." ECF No. 24 at 12. Plaintiffs' own Complaint refutes this argument: They allege that Delta "supplies the private information to non-party Facebook" that Plaintiffs "provided [to] Delta . . . 'to reserve air travel online.'" *Fudge*, 2024 WL 4445985, at *4 (quoting Compl. ¶¶ 17–23, 29–30, 37). More fundamentally, Plaintiffs' argument appears to rest on the mistaken assumption that this Court should have analyzed whether "[s]ervices" within the meaning of the ADA "include" "wiretapping and subsequent marketing use of personal data" (ECF No. 24 at 11), but that is not the correct inquiry. The correct inquiry is whether Plaintiffs' claims premised on the handling of their online booking information have a "connection with" and therefore "relate to" Delta's air transportation services—and the Court's decision establishes that they do. *See Fudge*, 2024 WL 4445985, at *3–4.

Indeed, the Court followed multiple decisions from this District, which were affirmed by the Ninth Circuit, holding that the ADA preempts claims like Plaintiffs' concerning Delta's handling of customer information collected while booking travel online. *Pica v. Delta Air Lines, Inc.*, 2019 WL 1598761, at *2, *5 (C.D. Cal. Feb. 14, 2019) (holding that the ADA preempted a contract claim challenging Delta's alleged "sharing [of] customers' PII" entered while booking online travel), *aff'd*, 812 F. App'x 591, 593 (9th Cir. 2020); *McGarry v. Delta Air Lines, Inc.*, 2019 WL 1885613, at *5 (C.D. Cal. Apr. 16, 2019) (holding that the ADA preempted tort claims challenging Delta's alleged handling of online booking information because they "directly relate to [Delta's] primary services, the purchase and sales of air transportation services"), *aff'd*, 812 F. App'x 625, 626 (9th Cir. 2020); *cf.* ECF No. 24 at 11 (citing *Berrin v. Delta Air Lines, Inc*, 2024 WL 3304815, at *7 (C.D. Cal. Mar. 28, 2024) (no ADA preemption of claims that did not challenge handling of online booking information)).

Rather than address this uniform authority affirmed by the Ninth Circuit, Plaintiffs urge this Court to reconsider its decision on the basis of a single decision. ECF No. 24 at

12 (citing *Kindt v. Concesionaria Vuela Compania de Aviacion S.A.P.I. de C.V.*, 2018 WL 4468320, at *1 (N.D. Cal. Sept. 18, 2018)). *Kindt* is not only non-binding but also distinguishable: it involved a general "toll-free customer service number" and addressed the narrow question of whether "'service' includes the communications between the airline and its customers." 2018 WL 4468320, at *1. Here, by contrast, Plaintiffs' claims involve Delta's online booking feature, and the Court held that Delta's online booking feature and Plaintiffs' claims have a "connection with" a "service"—namely, "access to flights." *Fudge*, 2024 WL 4445985, at *3–4.

### 2. The Narrow *Wolens* Exception Does Not Apply to Plaintiffs' Contract Claim.

In a final challenge to this Court's order, Plaintiffs repeat their prior argument that the *Wolens* exception applies to their contract claim, but they provide no basis to revisit this Court's order rejecting that argument. *Supra* 3–5. "The *Wolens* exception is very narrow." *Brown v. United Airlines, Inc.*, 720 F.3d 60, 70 (1st Cir. 2013). *Wolens* carved out an exception applicable only to breach of contract claims "seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995). As such, the ADA *only* permits state law-based court adjudication of breach-of-contract claims if they strictly enforce "contract terms set by the parties themselves," with "no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 222, 233.

Plaintiffs' claim for breach of contract does not fit into the narrow *Wolens* exception, because they have not identified any contract term allegedly breached. There is no dispute that Delta was authorized to share Plaintiffs' booking information entered on Delta's website with Facebook: the contract authorizes Delta to engage third party tracking and advertising providers "to track and analyze your usage of our Website," and, indeed, to use technologies "used by . . . Facebook," in particular, "to target and re-target visitors to our Website" like Plaintiffs "with digital advertising." ECF No. 16 at 11, 15 (quoting ECF Nos.

12.2–12.4 §§ 6.1, 6.2). Plaintiffs' theory is that Delta could do so "only . . . in an anonymous and aggregated fashion," but they fail to identify any contract term imposing that limitation or requirement—because there is no such term in the contract. ECF No. 24 at 9 & n.1 (quoting inapplicable language about Delta's Fly Mobile App and use of Google Analytics). To the contrary, the contract's plain language authorizes Delta to "disclose your information we collect or receive," which includes "information related to a flight booking," to those "providing services to Delta" like Facebook. ECF No. 16 at 12 (quoting ECF Nos. 12.2–12.4 §§ 4.1, 7.1).

Apparently recognizing that they cannot identify any contract term allegedly breached, Plaintiffs' motion abandons their prior argument that Delta "expressly stated" in the parties' contract that Delta "may share customer personal data only in an 'anonymous, aggregated' manner." *See* ECF No. 13 at 22. Plaintiffs' tacit admission that no such language appears in the contract distinguishes Plaintiffs' only cited case applying *Wolens*. *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1063 (9th Cir. 2017) (no ADA preemption where airline allegedly breached an "express" contractual term to "provide on-time baggage delivery"). Nor was this Court's failure to address and distinguish *Hickcox-Huffman* "clear error" (ECF No. 24 at 6), because Plaintiffs chose not to cite this decision in their prior briefing. *See* ECF No. 13. "A party may not bring a motion for reconsideration for the purpose of citing new legal authorities that were available to the party at the time it submitted its original briefing on an issue." *GCP Applied Techs. Inc. v. AVM Indus., Inc.*, 2022 WL 20273274, at *4 (C.D. Cal. Dec. 20, 2022) (denying motion for reconsideration for this reason).

Unable to point to any contract term allegedly breached, Plaintiffs resort to an argument about the supposed "effect" of the parties' contract (ECF No. 24 at 9), but this argument necessarily depends on "an 'enlargement or enhancement' of the parties' agreement beyond its express terms, which *Wolens* does not allow." *Binyomin Ginsberg v. Northwest, Inc.*, 2009 WL 9523877, at *7 (S.D. Cal. July 8, 2009). A similar attempt to

seek an end-run around the ADA was rejected in *Pica v. Delta Airlines, Inc.*, 2019 WL 1598761 (C.D. Cal. Feb. 14, 2019), which this Court relied on in holding that Plaintiffs' contract claim is preempted. As the *Pica* court explained, "permitting Plaintiffs to read into [Delta's] Contract of Carriage additional obligations" beyond its express terms "would be a direct circumvention of the broad pre-emptive sweep of the ADA." *Id.* at *5 (ADA preempted contract claim against Delta); *see also Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1028 (9th Cir. 2010) (affirming dismissal of contract claim on ADA preemption grounds where the claim sought to impose an obligation "to advise passengers about [a] tax or their right to a refund" beyond the contract's express terms).

In sum, the Court correctly rejected Plaintiffs' reliance on the *Wolens* exception in holding that Plaintiffs' contract claim is preempted by the ADA. *See also* ECF No. 12 at 22–24 (providing additional reasons why Plaintiffs' contract claim should be dismissed); ECF No. 16 at 10–12 (same).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration should be denied.

Dated: November 8, 2024

COVINGTON & BURLING LLP

By: */s/ Emily Johnson Henn*

EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

MATTHEW Q. VERDIN (SBN 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: mverdin@cov.com

*Attorneys for Defendant Delta Air Lines, Inc.*