UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETERNADA FUDGE and REYHANEH MANSOORI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 2:24-cv-04531-HDV-SSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [24]** |

## I. INTRODUCTION

This putative class action arises out of Delta's disclosure of consumers' personal information to Meta Platforms, Inc. ("Facebook").[1] Compl. ¶ 1. [Dkt. No. 1-1]. As part of its use of Facebook's web-based advertising services, Delta has installed a Facebook-provided tool, which automatically sends customer information provided to book flights to Facebook for the purpose of creating targeted advertisements. *Id.* ¶¶ 2, 4–12, 74, 81.

Before this Court is Plaintiffs' Motion for Reconsideration ("Motion"). [Dkt. No. 24] Plaintiffs seek reconsideration, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), of the Court's Order dismissing both of Plaintiffs' claims as preempted by the Airline Deregulation Act ("ADA"). [Dkt. No. 21]. Plaintiffs argue in the main that the Court failed to consider and to find that their breach of contract claim is exempted from ADA preemption under the exception outlined by *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995). Motion at 3–5. The Court now finds that Plaintiffs' breach of contract claim does not fall within the *Wolens* exception and reiterates that both claims are preempted by the ADA.

## II. BACKGROUND

Eternada Fudge and Reyhaneh Mansoori each used Delta's website to book plane tickets, providing Delta with their personal information, including their full name, departure airport, language, and currency used. Compl. ¶¶ 17, 23. Delta then shared Ms. Fudge's and Ms. Mansoori's personal information with Facebook, which allowed Facebook to uniquely identify them and to link the information to their Facebook IDs. *Id.* ¶¶ 19, 25.

By booking their tickets, Plaintiffs assented to Delta's Conditions of Carriage, which incorporates Delta's Privacy Policy. *Id.* ¶¶ 31–32. The Privacy Policy provides that "[w]e do not sell your name or other personal information to third parties, and do not intend to do so in the future." *Id.* ¶ 33; Declaration of Matthew Q. Verdin ("Verdin Decl.") ¶ 4 [Dkt. No. 12-1], Ex. 3, at § 7.1 [Dkt. No. 12-4]. But it also provides that Delta "may share with third parties anonymous,

---

[1] The Court accepts all of Plaintiff's plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

aggregated information about all our users" and authorizes third party tracking of its website, including through cookies "used by advertising platforms we may use, such as Facebook," for targeted advertising. *Id.* at §§ 7.1, 6.1–6.2.

Plaintiffs filed this putative class action in state court. They allege that by sharing their personal information with Facebook, Delta breached its Conditions of Carriage and Privacy Policy and violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630. Compl. ¶¶ 111–145. Delta removed to federal court. [Dkt. No. 1]. Delta then moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(2), and (b)(6), arguing that Plaintiffs lacked personal jurisdiction and that the ADA preempts both claims. [Dkt. No. 12]. On October 4, 2024, the Court granted Delta's motion to dismiss on the grounds that the ADA preempts Plaintiffs' claims as they relate to Delta's air transportation services. Order at 2.

On October 18, 2024, Plaintiffs filed the instant Motion. Plaintiffs first argue that the Court erred by failing to consider—and to ultimately find—that their breach of contract is exempt from ADA preemption under *Wolens*. Motion at 3–5. Plaintiffs then argue that their CIPA claim is similarly not preempted as their allegations do not "relate[] to any actual service that Delta provides as part of point-to-point air travel." *Id.* at 5–8.

## III. LEGAL STANDARD

### A. Reconsideration

A party seeking reconsideration must show: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." [2] C.D. Cal. R. 7-18.

---

[2] The Court interprets Local Rule 7-18 to be coextensive with Rule 59(e) and Rule 60(b). *See Berkley Ins. Co. v. Levin*, No. 2:22-CV-07881-HDV-MARX, 2024 WL 1813474, at *1 (C.D. Cal. Apr. 2, 2024).

1     Reconsideration is an "'extraordinary remedy, . . .' [which] 'should not be granted, absent
2  highly unusual circumstances, unless the district court is presented with newly discovered evidence,
3  committed clear error, or if there is an intervening change in the controlling law.'" *Carroll v.*
4  *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (first quoting 12 James Wm. Moore et al., Moore's
5  Federal Practice § 59.30 (3d ed. 2000); then quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d
6  877, 890 (9th Cir. 2000)). Parties may not move for reconsideration to "repeat any oral or written
7  argument made in support of, or in opposition to, the original motion." C.D. Cal. R. 7-18.

8     **B. Airline Deregulation Act**

9     State law is preempted "to the extent of any conflict with a federal statute," whether the
10  conflict is express or implied. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). In
11  the interest of promoting "efficiency, innovation, and low prices" in aviation, the ADA expressly
12  preempts any state "law, regulation, or other provision having the force and effect of law related to a
13  price, route, or service of an air carrier that may provide air transportation under this subpart."
14  49 U.S.C. § 40101(a)(12)(A); *id.* § 41713(b)(1). The Supreme Court has clarified that the ADA
15  preempts any state law claim that "[has] a connection with or reference[s] . . . airline rates, routes, or
16  services," including common law claims. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384
17  (1992) (internal quotation marks omitted); *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281–82
18  (2014). However, the ADA does *not* preempt breach of contract claims arising out of an airline's
19  "own, self-imposed undertakings." *Wolens*, 513 U.S. at 228.

20  **IV.   DISCUSSION**

21     **A. Basis For Reconsideration**

22     Preliminarily, Plaintiffs have failed to identify any basis for reconsideration as set out in
23  Local Rule 7-18. They do not cite the emergence of any new fact or law or identify any material
24  facts that the Court failed to consider. Rather, Plaintiffs argue that the Court made a mistake of law
25  by failing to heed the arguments they originally made in opposition to Delta's motion to dismiss.
26  Plaintiffs' disagreement with the Court's legal reasoning is simply not enough to merit the
27  "extraordinary" relief set forth in Local Rule 7-18.
28

**B. Merits**

But even assuming a procedurally valid basis for reconsideration, the Court concludes that it correctly dismissed Plaintiffs' breach of contract and CIPA claims. For the reasons discussed below, Plaintiffs' breach of contract claim is not saved by the *Wolens* exception and both claims are preempted as they relate directly to Delta's air transportation services.

### 1. *Wolens* exception

As an initial matter, Plaintiffs are correct that the Court did not explicitly consider the *Wolens* exception.[3] Motion at 5. The Court considers it now and finds that it does not apply.

*Wolens* carved out a narrow exception to the general rule governing ADA preemption, clarifying that states "may afford relief for breaches of obligations the airlines voluntarily undertook themselves, even when the obligations directly relate to fares, routes, and services." *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017). But *Wolens* saves **only** cases enforcing the "*parties' bargain*, with no enlargement or enhancement based on state laws or policies external to the agreement." 513 U.S. at 233 (emphasis added); *see also Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1030 (9th Cir. 2010) ("The real question here is whether Aeromexico made a contractual commitment . . . ."). In *Hickcox-Huffman*, for example, the Ninth Circuit held that ADA preemption did not apply because the airline made an express and specific promise to timely deliver passengers' first bag for $15, with no "language limiting the commitment in some way that might arguably make it a mere promise of best efforts or mere aspirations." 855 F.3d at 1062–64.

Here, Plaintiffs do not seek to enforce any such express commitment. Indeed, Delta made no commitment to avoid sharing any personal identifying information with Facebook. Although

---

[3] To be clear, the Court need not explicitly address every argument. "The Court's refusal to discuss an argument constitutes an implicit rejection of those arguments." *Roy v. Cnty. of Los Angeles*, No. CV-12-09012-AB-FFMx, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (citing *Clemons v. Mississippi*, 494 U.S. 738, 747 n.3 (1990)). Moreover, the Court did cite to *Pica v. Delta Air Lines, Inc.*, which found that *Wolens* did not save a breach of contract claim that Delta improperly handled the plaintiffs' personal identifying information from preemption. No. CV-18-2876-MWF-EX, 2019 WL 1598761, at *5 (C.D. Cal. Feb. 14, 2019), *aff'd*, 812 F. App'x 591 (9th Cir. 2020).

5

Plaintiffs point to Delta's claim that "[w]e do not sell your name or other personal information to third parties," Compl. ¶ 33, this general language is limited by Delta's specific disclosures that it uses third party tracking technologies, including those provided by Facebook. Verdin Decl. ¶ 4, Ex. 3, §§ 6.1–6.2 (authorizing Delta to engage third party entities to "track and analyze your usage of our Website through the use of cookies, pixel tags / web beacons, and similar technologies" including "those used by . . . Facebook" and to use these tools "to target and re-target visitors to our Website and App with digital advertising . . . ." ). Simply put, there was no "bargain" between the parties sufficient to support the *Wolens* exception here. To the contrary, the plain language of the Privacy Policy shows that Delta *did* disclose to its customers that it authorized Facebook to track flight booking information.

Plaintiffs' claim that Delta breached its "aspirational intention" not to share personal identifying information "depends on an 'enlargement or enhancement' of the parties' agreement, and is therefore preempted by the ADA." *Alatortev v. JetBlue Airways, Inc.*, No. 3:17-CV-04859-WHO, 2018 WL 784434, at *5–6 (N.D. Cal. Feb. 7, 2018) (quoting *Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1107 (W.D. Wash. 2011)) (finding that the plaintiff's breach of contract claim did not fall within the *Wolens* exception, where he sought to enforce JetBlue's claim that it "will endeavor to deliver bags on time, including making every reasonable effort to return mishandled bags within twenty-four (24) hours" and reimbursing passengers for "reasonable expenses" and fees). *See also Pica v. Delta Air Lines, Inc.*, No. CV-18-2876-MWF-EX, 2019 WL 1598761, at *5 (C.D. Cal. Feb. 14, 2019), *aff'd*, 812 F. App'x 591 (9th Cir. 2020) (holding that permitting the plaintiffs' claims that Delta mishandled their personal identifying information to survive a motion to dismiss would "read into the Contract of Carriage additional obligations" constituting a "direct circumvention of the broad pre-emptive sweep of the ADA").

## 2. Relatedness analysis

Without the *Wolens* exception, Plaintiffs' breach of contract and CIPA claims are preempted by the ADA so long as they "relate[] to" Delta's air transportation services. *Northwest*, 572 U.S. at 284. For the reasons discussed in the Court's prior Order, Delta's online booking feature, which Plaintiffs challenge here, *is* sufficiently related to Delta's air transportation services. Order at 7

(explicitly rejecting Plaintiff's argument, Motion at 10–13, that their claims are more akin to the amenities involved in *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259 (9th Cir. 1998) (en banc) than the frequent flyer program in *Northwest*).

**V.   CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is denied.

Dated: January 6, 2025

Hernán D. Vera
United States District Judge